F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**FEB 15 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARK L. LUTHER,

     Petitioner-Appellant,

v.

GARY GOLDER, Warden, Sterling
Correctional Facility; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents-Appellees.

No. 04-1151
D.C. No. 03-Z-2471
(D. Colo.)

**ORDER DENYING A CERTIFICATE**
**OF APPEALABILITY**

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Mark Luther, a Colorado state prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. We **DENY** a COA and **DISMISS**.

After Luther violated the conditions of his parole on a state manslaughter

conviction by fleeing to Texas, the parole board revoked Luther's parole. Luther

pled guilty to attempted escape and the trial court sentenced him to three years of

incarceration plus a three-year period of mandatory parole. The trial court

ordered that Luther was to serve this sentence consecutively to the underlying manslaughter sentence. Judgment was entered on July 3, 1997.

Although he did not directly appeal his conviction or sentence, Luther did seek collateral review in state court arguing that his combined period of parole for the manslaughter and escape charges could not exceed three years under an applicable Colorado statute. The Colorado Court of Appeals agreed with Luther's statutory interpretation, but the Colorado Supreme Court reversed.

On November 21, 2003, the district court received Luther's § 2254 petition, wherein he restated his Colorado statutory law argument and asserted, without arguing, that his sentence of consecutive periods of parole violates his due process and equal protection rights. Concluding that Luther failed to file his petition within the applicable one-year limitation period, and declining to equitably toll the statute, the district court denied his petition and dismissed the habeas action. His application for COA having been denied below, Luther now seeks a COA from this court.[1]

---

[1] Luther's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Luther to demonstrate "that reasonable jurists could debate whether (or, for that matter,

(continued...)

2

Pursuant to 28 U.S.C. § 2244(d), a state prisoner must file an application for a writ of habeas corpus within one year of the date on which "judgment became final by the conclusion of direct review or the expiration of the time for seeking such a review." Under Colorado rules, Luther had forty-five days after entry of judgment on July 3, 1997 to seek direct review of his conviction and sentence. Luther conceded below, through counsel, that his "conviction and sentence became final on August 17, 1997 and the one-year limitation period commenced on that date." Furthermore, he conceded that even when tolling the statute of limitations for the period during which his state post-conviction petitions were pending, "the application was not filed within the period of one year."

In his present application, Luther argues that by granting him post-conviction relief and remanding to the trial court for correction of the mittimus, the Colorado Court of Appeals ordered Luther's "resentencing," and therefore "the issuance of this new sentence would be the triggering date." Luther also argues that his re-incarceration following the Colorado Supreme Court's reversal

[1](...continued)
agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Luther a COA, he may not appeal the district court's decision absent a grant of a COA by this court.

3

of the court of appeals' decision constitutes a "new fact" in support of his habeas petition that merits equitable tolling. Luther did not raise these issues below. To the contrary, he conceded before the district court that August 17, 1997 serves as the appropriate triggering date for the one-year limitations period, and never argued that the Colorado Supreme Court's decision constitutes a "new fact" justifying equitable tolling. Accordingly, Luther has waived these arguments. See In re Walker, 959 F.2d 894, 896 (10th Cir. 1992) (except in extraordinary circumstances, this court will not consider an issue that was not before the trial court).[2]

We **GRANT** Luther's motion to proceed in forma pauperis. We **DENY** a COA and **DISMISS**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[2] We note that this is not a case where a trial court re-sentences an individual and the prisoner claims that the newly-imposed sentence suffers from constitutional infirmaties. Rather, the Colorado Supreme Court, on collateral review, reversed the judgment of the court of appeals and remanded to the trial court for reinstatement of the original sentence. Luther argues in his § 2254 petition that the trial court committed constitutional error in 1997 by imposing this original sentence and does not argue that by reinstating the original sentence the trial court violated his constitutional rights.

4